## Ex Parte Brown.

### [72 South. 924.]

Circuit Judge. *Removal of stenographer. Term of office.*

Under chapter 135, Code 1906, providing for the appointment of court stenographers, the circuit judge cannot arbitrarily remove his stenographer, he being a public officer and holding for a term of four years.

Appeal from the circuit court of Winston county.

Hon. H. H. Rodgers, Judge.

*Ex parte* application by T. C. Brown for salary as official stenographer. The application was denied and applicant appeals.

The facts are fully stated in the opinion of the court.

*T. C. Brown, pro se.*

Cook, P. J., delivered the opinion of the court.

The appeal in this case involves the right of appellant to his official salary for one week's services per-

formed by him in the circuit of Winston county. The record discloses that the presiding judge held his first court in Winston county, and his first official act, after the court was organized, was to enter an order on the minutes of the court, removing appellant as official stenographer. This order recites that appellant "is not acceptable to the court by reason of his incompetency and neglect of duty, and for good and sufficient reasons." It appears that this order was made without notice, and without any charges having been preferred against the official stenographer. It appears that appellant offered to prove that he was competent, that he had never neglected his official duty, and asked to be heard before he was removed from office. The judge declined to hear anything, declined to allow the salary, and finally declined to sign the bill of exceptions tendered by appellant, which, however, was signed by members of the bar.

Appellant's title to the office is only incidentally involved in this appeal. If he was the official stenographer, the trial judge erred in refusing to allow his salary. The term of office of the stenographer is fixed by statute, his duties are prescribed by statute, and his salary and how it is to be paid is also fixed by law. The judge appoints the stenographer, but the judge does not fix his duties or his term of office—he is a public officer and remains such for four years, unless he is removed, dies, or resigns. We are not called on to indicate the procedure which must be followed to legally remove from office the official stenographer. We do hold that the order removing the stenographer in this case was *brutum fulmen,* and that the court erred when it refused to enter an order allowing his salary for one week. Chapter 135, Code of 1906, governs the appointment and removal of stenographers for circuit courts, and for the supreme court. Section 4798 provides that the stenographer of the supreme court may be removed at the pleasure of the

court, but we find nothing in the statutes authorizing the circuit judge to remove his stenographer at his pleasure. It clearly appears in this record that the judge thought he had the legal right to remove his stenographer at pleasure. He was wrong.

*Reversed and remanded.*